[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs Allied Paper Recycling, Inc. (Allied); Seaboard Paper, Inc. (Seaboard); and Cherry Realty, Inc. (Cherry) have filed a six count complaint against Automated Salvage Transport, Inc. (Automated), and Advanced Recycling Corp. (Advanced). The complaint alleges that Automated, Allied and Seaboard entered into a contract of sale for business assets, which contained a lease provision,[1] on September 14, 1992. Allied and Seaboard allege that Automated breached the lease provision by failing to pay rent as obligated. Additionally, Cherry alleges that Automated failed to pay utility bills incurred during the alleged tenancy, to repair property damage, and to remove rubbish and equipment at the end of the alleged tenancy.
In the first count, Allied and Seaboard claim damages due to a breach of contract by Automated. In the second count, Cherry alleges that it has incurred utility bills for which both Automated and Advanced are responsible. In the third count, Cherry alleges that Automated damaged the leased premises. In the fourth count, Cherry alleges negligence and carelessness on behalf of both Automated and Advanced in causing damage to Cherry's premises. In the fifth count, Cherry alleges that Automated failed to remove equipment it abandoned on Cherry's premises. In the sixth count, Cherry alleges that both Automated and Advanced failed to remove rubbish left on Cherry's premises.
On September 10, 1997, Automated filed an answer, special defenses, and counterclaims. Automated denied ever occupying, having control over, or allowing Advanced to occupy the premises. In addition, Automated asserted two special defenses, claiming that Advanced had occupied the premises and that Allied, Seaboard and Cherry were mistaken as to the applicability of the lease provision in paragraph 8. Automated has also filed two counterclaims arising out of an indemnification agreement between Automated, Allied, Seaboard and Cherry.
Automated has filed a motion for summary judgment as to the six counts of the complaint and the two counterclaims on the ground that there are no genuine issues of material fact and that CT Page 4856 Automated is entitled to judgment as a matter of law. A motion for summary judgment shall be granted "if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book § 384, now Practice Book (1998 Rev.) § 17-49. "A `genuine' issue has been variously described as a `triable,' `substantial' or `real' issue of fact. . . and has been defined as one which can be maintained by substantial evidence. . ." United Oil Co.v. Urban Redevelopment Commission, 158 Conn. 364, 378,260 A.2d 596 (1969). "A `material' fact has been defined adequately and simply as a fact which will make a difference in the result of the case." Id., 379. "'Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with evidence disclosing the existence of such an issue. . .' Home Ins. Co. v. Aetna Life Casualty Co., 235 Conn. 185, 202, 663 A.2d 1001 (1995); see also Practice Book § 384 [now Practice Book (1998 Rev.) § 17-49]." Bruttomesso v. Northeastern Conn. Sexual Assault CrisisServices, Inc., 242 Conn. 1, 5-6, 698 A.2d 795 (1997). Summary judgment "is appropriate only if a fair and reasonable person could conclude only one way. Haesche v. Kissner, 229 Conn. 213,216, 640 A.2d 89 (1994)." Miller v. United Technologies Corp.,233 Conn. 732, 751, 660 A.2d 810 (1995).
Counts 1, 2, 3, 4, and 6
Allied, Seaboard and Cherry allege that Automated incurred an obligation to pay $8,000 in monthly rent pursuant to the lease provision because Automated had control of the premises upon the completion of the closing, and after the closing, permitted Advanced to occupy the premises and run its business from the premises. As such, Cherry alleges, Automated is liable for the utility bills, repairs to the property, and removal of garbage and abandoned equipment. In moving for summary judgment on these counts, Automated argues that it has no lease obligations under paragraph 8 because it never occupied or controlled the premises, nor did it allow Advanced to occupy the premises.
Automated has submitted a sale of assets document between Advanced, Allied and Seaboard in support of its motion for summary judgment. The sale of assets document indicates that Advanced was charged $8,000 rent for the premises for September, CT Page 4857 the month of the closing. Automated also submitted Advanced's answers to interrogatories in support of its motion for summary judgment. Advanced's answers reflect that Advanced occupied the premises after purchasing assets from September 14, 1992 through June 30, 1995; that Advanced did not have an agreement with Automated whereby Advanced was permitted to occupy the premises; that Advanced did have an agreement with Allied whereby Advanced was permitted to occupy the premises; that the agreement to occupy the premises between Advanced and Allied consisted of Advanced paying $8,000 rent per month; that the agreement between Advanced and Allied was not in writing; and that Advanced made payments for the use and occupancy of the premises to Allied from March 1993 through January 1995. Finally, Automated has submitted an affidavit by its Secretary, Edward V. Sayers, in support of its motion for summary judgment. The affidavit reflects that the contract of sale with Allied and Seaboard gave Automated the right to lease the premises if needed to operate its business; that Automated never occupied, rented, leased, possessed, nor had control of the premises; that Automated never operated its business from the premises; and that Automated never gave Advanced permission to occupy or use the premises.
In opposition to Automated's motion for summary judgment, Allied, Seaboard and Cherry have submitted the affidavit of Joseph C. Swirsky, an officer and director for each of the plaintiff companies.[2] The affidavit reflects that in May 1992, the affiant permitted Automated Materials Handling, Inc. to occupy the premises and to operate the business; that Advanced assumed responsibility for the $8,000 rent due for September, the month during which the closing occurred; and that Advanced made each monthly rental payment thereafter.[3]
Automated has provided substantial evidence that it never exercised its right to occupy the premises. Based on that evidence, there is no dispute that Automated never occupied, had control over, rented, leased, or gave authorization to Advanced to occupy the premises. Allied, Seaboard and Cherry have failed to submit any evidence which would establish the existence of a dispute as to whether Automated ever occupied, had control over, rented, leased, or gave authorization to Advanced to occupy the premises. Allied, Seaboard and Cherry state in their brief that "[p]aragraph 8 of [Automated]'s Contract of Sale . . . plainly contemplates continued occupancy by [Automated] and the payment and performance by [Automated] of the other obligations set forth." However, the lease provision contemplates that Automated CT Page 4858 has not yet begun occupancy, but may commence occupancy by leaving the purchased assets on the premises and running its business from the premises. A careful reading of the lease provision clearly indicates that Automated had the right to leave the assets on the premises and operate its business from the premises. See footnote 1, supra. Because Automated did not exercise this right, it did not have an obligation to Allied, Seaboard and Cherry for rent, nor for any expenses incurred by or damage caused to the premises. Therefore, there is no genuine issue of material fact, and Automated is entitled to judgment as a matter of law on the first, second, third, fourth and sixth counts.
Count 5
Cherry alleges that it has or will incur substantial cost in removing a truck scale platform, a cyclone and air system, and the bottom section of an economy baler purchased and abandoned by Automated on the premises. In moving for summary judgment on this count, Automated argues that it did not purchase the truck scale platform nor the bottom section of the economy baler; that if it did purchases the bottom section of the economy baler, it could not be removed without damage to the foundation; and that the cyclone and air system could not be removed without damage to the roof or without exposing the building to the elements and potentially causing damage.
According to its contract of sale with Allied and Seaboard, Automated purchased a "45' Truck Scale 100,000 lb capacity with printer." It is unclear from the terms of the contract of sale whether a "45' Truck Scale" includes the platform to the truck scale. A determination of Automated's liability for the removal of the truck scale platform will depend on whether Automated purchased his item pursuant to the contract of sale. Thus, a material fact in the case remains. For this reason, the motion for summary judgment as to count six is denied.
Counts One and Two of the Counterclaim
Automated alleges that it is not liable for any rent or damages arising from the contract of sale because Allied, Seaboard and Cherry entered into an indemnification agreement in which the latter agreed to indemnify and hold Automated harmless "with respect to any claim, debt, demand, obligation, or liability arising from any obligation imposed on [Automated] in CT Page 4859 connection with the purchase of the assets of [Allied and Seaboard], for which [Automated] may, directly or indirectly, have liability." Automated alleges that by bring this action, the plaintiffs have breached the indemnification agreement. The plaintiffs Allied, Seaboard and Cherry argue that Automated has misread the indemnification agreement, and that it does not apply in the present situation. The court agrees with the plaintiffs.
According to the indemnification agreement, Allied, Seaboard and Cherry have agreed to indemnify Automated for any liability arising out of the purchase of the assets, not for any obligations Automated may have in regard to the lease provision of paragraph eight. For example, Allied, Seaboard and Cherry would be required to indemnify Automated for any liability based on a claim of right to the purchased asset, or liability created by the enforcement of a lien remaining on a purchased asset. This provision of the indemnification agreement is inapplicable to the present action which is based on Automated's alleged breach of the lease provision in paragraph eight. Therefore, Automated's motion for summary judgment as to both counterclaims is denied. In conclusion, Automated's motion for summary judgment is granted as to counts one, two, three, four and six of the complaint, denied as to count five, and denied as to both counts of the counterclaim.
BY THE COURT
Bruce L. LevinJudge of the Superior Court